IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| COPPEDGE, | : | Bankr. No. 13-11098(BLS) |
| Debtor. | : | BAP 13-75 |
| ----------------------------------------------- | : | |
| JAMES COPPEDGE, | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 13-1374-GMS |
| MICHAEL B. JOSEPH, | : | |
| Appellee. | : | |
| ----------------------------------------------- | : | |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court are several motions, including the appellee United States Trustee Michael B. Joseph's ("the Trustee") motion to dismiss (D.I. 19) and the appellant James Coppedge's ("Coppedge") petition to affirm settlements (D.I. 22) and request for default as to the Trustee (D.I. 26). Coppedge proceeds *pro se* and has paid the filing fee. For the reasons that follow, the court will grant the motion to dismiss and will deny Coppedge's motions as moot.

### II. BACKGROUND

Coppedge filed his bankruptcy case in the United States Bankruptcy Court for the District of Delaware. *In re Coppedge*, Bankr. Case No. 13-11098(BLS) (Bankr. D. Del.) ("Bankr. Case 13-11098(BLS)"). The Trustee filed a motion to dismiss the bankruptcy case on June 5, 2013 (*id.* at D.I. 18), and the motion was granted on June 27, 2013 (*id.* at D.I. 32). The dismissal order

was entered on the same date, June 27, 2013. (*Id.* at 32.) The bankruptcy case was dismissed on the grounds that there did not appear to be any available relief under the bankruptcy laws and that Coppedge's filings and submissions to the Bankruptcy Court were not in compliance with the Bankruptcy Code and Bankruptcy Rules. (*Id.* at D.I. 33.) Coppedge filed a notice of appeal dated July 15, 2013, and it was filed in the Bankruptcy Court on July 17, 2013. (D.I. 1; Bankr. Case 13-11098-BLS at D.I. 40.)

The appeal was transmitted to this court on August 1, 2013, and the Trustee filed a motion to dismiss for lack of jurisdiction over the subject matter on January 13, 2014. (D.I. 19.) On January 24, 2014, Coppedge filed an opening brief in support of the petition to affirm debt discharge, but the brief did not address the motion to dismiss as the Trustee notes in his reply brief. (D.I. 20, 21.) Next, Coppedge filed a petition to affirm settlements. (D.I. 22.) Finally, on December 31, 2013, Coppedge filed an affidavit of default. (D.I. 26.)

## III. THE PARTIES' CONTENTIONS

The Trustee moves for dismissal of the bankruptcy appeal pursuant to Fed. R. Bankr. P. 8011 on the grounds that: (1) the appeal was filed after the fourteen day time-period mandated by Fed. R. Bankr. P. 8002(a); (2) Coppedge did not request an extension of time to file his notice of appeal; and (3) Coppedge failed to file a designation of record and statement of issues to be presented within fourteen days of filing the notice of appeal as required by Fed. R. Bankr. P. 8006.

## IV. DISCUSSION

### A. Bankruptcy Rule 8002

Federal Rule of Bankruptcy Procedure 8002 provides that the notice of appeal shall be filed with the clerk within fourteen days of the date of the entry of the judgment, order, or decree

2

appealed from. 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002. "[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011). The bankruptcy court may extend the time to file a notice of appeal if a party requests such an extension by motion within the fourteen day period, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d).

The order at issue was entered on June 27, 2013. Hence, pursuant to Rule 8002 Coppedge was required to file his notice of appeal on or before July 12, 2013. The notice of appeal was not filed until July 17, 2013, five days after the time to file the appeal. The notice of appeal was not timely filed. In addition, Coppedge did not move to extend the time to file a notice of appeal. Because the notice of appeal was untimely and no extension was requested or granted in this case, the court lacks subject matter jurisdiction to hear the instant appeal.

### B. Bankruptcy Rule 8006

Federal Rule of Bankruptcy Procedure 8006 provides that within fourteen days after filing the notice of appeal, entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included on the record on appeal and a statement of the issues to be presented. The Trustee argues that, because Coppedge failed to comply with Rule 8006, the appeal must be dismissed.

To date, Coppedge has not complied with Rule 8006. The notice of appeal was filed on July 17, 2013. Therefore, Coppedge should have complied with Rule 8006 on or before August 31, 2013. He failed to do so. In addition, Coppedge does not assert that his failure to comply with Rule 8006 is the result of excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1); *Pioneer Inv.*

3

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (analyzing "excusable neglect" pursuant to Rule 9006(b)(1)). Indeed, Coppedge does not oppose the motion.

## V. CONCLUSION

For the above reasons, the court will grant the Trustee's motion to dismiss the bankruptcy appeal (D.I. 18) and will deny as moot Coppedge's petition to affirm settlements and request for default (D.I. 22. 26).

An appropriate order will be issue.

UNITED STATES DISTRICT JUDGE

Jan 14, 2015
Wilmington, Delaware